IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,688-01






EX PARTE CARLOS MATTHEWS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 3935-W-1 IN THE 84TH DISTRICT COURT

OCHILTREE COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of possession of a controlled substance and sentenced to confinement for 
eighteen months. No direct appeal was taken. 

 Applicant contends that he was forced to plead guilty because, as an African-American, he was threatened and intimidated by white inmates in the Ochiltree County jail.
He also contends that counsel was ineffective for advising him to plead guilty. The trial court
has not entered findings of fact or conclusions of law. We believe that Applicant has alleged
facts that, if true, might entitle him to relief. Therefore, it is this Court's opinion that
additional facts need to be developed, and because this Court cannot hear evidence, the trial
court is the appropriate forum. The trial court shall resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from counsel and the Ochiltree County Sheriff's Department; or it may order
a hearing. In the appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant was threatened or intimidated by white inmates in the Ochiltree
County jail and, if so, whether Applicant, as a result, was forced to plead guilty. The trial
court shall then make findings of fact as to whether counsel was ineffective for advising
Applicant to plead guilty. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 7TH DAY OF JUNE, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.